166    255
f 31 SC 186

## Amelia C. Lang, Appellant, *v.* George W. Finch.

[Marked to be reported.]

*Ejectment—Costs—Capias ad satisfaciendum—Act of* 1842.

Where an amicable action of ejectment is grounded solely upon a breach of a lease by the tenant in sub-letting the demised premises without the consent of the lessor, and it does not appear that the tenant was guilty of any tortious act, either in obtaining or holding possession of the premises, or in surrendering the same to his sub-lessee, or otherwise, the costs in the case are merely a species of damages arising from a breach of contract, and not from a tort, and a capias ad satisfaciendum will not lie against the tenant to collect them.

. Argued Jan. 8, 1895. Appeal, No. 425, Jan. T., 1894, by plaintiff, from order of C. P. No. 3, Phila. Co., September T., 1893, No. 1109, discharging a rule for costs. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule for alias ca. sa. for costs.

From the record it appeared that, on March 29, 1893, plaintiff's husband leased a store and dwelling No. 1942 Columbia avenue, in Philadelphia, to the defendant. The lease provided that the lessee should not assign said lease or underlet the said premises or any part thereof or use or occupy the same other than as a place for the sale of patent medicines and coal, without the written consent of the lessor first had and obtained.

An amicable action in ejectment was entered under the lease. The statement alleged that the lessee had failed to comply with the conditions of the lease in relation to sub-letting the premises, and had sublet the same to a certain J. F. Schnitzer & Co., for a more hazardous business as regards the liability to take fire, without and against the consent of the lessor, and had removed all his property from the premises and left no property there of his own with which to satisfy plaintiff's claim for rent, and had refused to deliver possession to plaintiff upon demand after due notice. The proceedings terminated in plaintiff's obtaining possession of the premises.

Plaintiff's bill of costs for witness fees, subpœnas and costs of depositions, amounting to $52.00, was duly filed. An alias

fi. fa. for costs was issued Feb. 12, 1894, and returned nulla bona, and a ca. sa. for costs was issued Feb. 13, 1894. This writ was quashed by the court. On Feb. 15, 1894, plaintiff took a rule to show cause why an alias ca. sa. for costs should not issue, and this rule, after argument, was discharged by the court.

*Error assigned* was above order.

*James A. Laws, A. F. Daix, Jr.*, with him, for appellant.— The judgment in an action of ejectment, where no damages are recovered, carries the costs: Bradley v. O'Donnelly, 40 Pa. 482; Harvey v. Snow, 1 Yeates, 156; 1 T. & H. Pr. § 906; Ewing v. Alcorn, 40 Pa. 501; Thrustout v. Shenton, 10 B. & C. 110.

In order to obtain possession of his property, plaintiff, in an ejectment proceeding, after judgment in his favor, must sue out a writ of habere facias possessionem, and he may have a clause of fi. fa. or ca. sa. for his costs in the same writ, or he may have a separate writ for his costs: 2 T. & H. Pr. § 1887; Hopkinson v. Cooper, 8 Phila. 8.

If a ca. sa. could issue for the mesne profits when such were recovered in the original action of ejectment, but not for the costs, we would have the anomaly of two distinct writs of execution upon the same judgment, a fi. fa. for costs and ca. sa. for damages.

Lane v. Baker, 2 Grant, 424, and Mease v. Crump, 12 W. N. 534, simply decide that where the plaintiff, in an action of trover, is cast, and the judgment is against him for costs, he is not thereby put in the situation which the defendant would have occupied if the luck had been reversed.

*Joseph S. Goodbread*, for appellee.—The costs are founded upon an action growing out of a contract, as these proceedings are based entirely upon a clause in the lease giving plaintiff the right to bring these present proceedings. Plaintiff claims that the proceedings are in trespass. If that view can be taken of the matter, then, as he was not awarded damages, he is not entitled to any costs and this case is ruled by 22 and 23 Charles II, c. 9: Knappenberger v. Roth, 153 Pa. 615.

A judgment for costs is a debt, although it arose out of a tort: Meace v. Crump, 12 W. N. 534; Lane v. Baker, 2 Gr. 424.

The issuing of a ca. sa. for costs is not sanctioned by any authority in this state, or by the practice of the profession: Wadlinger on Costs, 117; Zeller's Petition, 3 Dist. R. 520.

A judgment for costs is to be considered in the same light as a judgment for debt on contract, so far as the exemption law affects the rights of the parties. The fact that the costs accrued in an action for a tort makes no difference: Wadlinger on Costs, 117.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 28, 1895:

In this amicable action of ejectment, entered in pursuance of a clause in the lease between plaintiff's devisor and the defendant, judgment against the latter was confessed and possession of the demised premises was delivered to plaintiff, but as to costs the return was "nulla bona." A capias ad satisfaciendum for the costs was then issued and executed, and thereupon the court quashed the writ and discharged defendant from custody. Plaintiff then entered a rule for leave to issue an alias ca. sa. for costs, and the same was promptly discharged by the court; hence this appeal. The sole question is whether the defendant was liable to arrest and imprisonment for the costs in question. If he was not, the alias ca. sa. was rightly refused.

It clearly appears from the record that the amicable action is grounded solely upon an alleged breach of the lease, above referred to, in this, that the defendant, as lessee, without the consent of his lessor, sublet the demised premises to a certain firm, and then removed therefrom, taking his goods with him. It is not even alleged that he committed any act of a tortious nature, either in obtaining or holding possession of the premises, or in surrendering the same to his sub-lessee, or otherwise. All that is charged against him is, in substance, that as lessee he failed to keep and perform all his covenants with his landlord; and that, by reason thereof, the latter, under the terms of the lease, had a right to terminate the same and repossess himself of the demised premises in the manner specified in the lease. In other words the plaintiff's right of action, as well as the speedy remedy of which he availed himself, sprang not

from a tort but solely from a breach of contract, and hence the defendant is within the protection of the act of July 12, 1842. The judgment contains no element of damages in the nature of mesne profits; and so far as the costs of suit may be regarded as a species of damages, they are in this case merely a debt, arising not from tort, but from a breach of contract.

We are therefore of opinion that the court was right in discharging plaintiff's rule.

Judgment affirmed.