Morris Run Coal Mining Company, Appellant, *v.* Chrzan.

*Exemption—Debtor's exemption—Ejectment—Landlord and tenant.*

Where a judgment is entered against a tenant under an ejectment clause in a lease which provides for the termination of the lease at the election of the landlord, the tenant is entitled to the benefit of debtor's exemption Act of April 9, 1849, P. L. .533.

Argued March 6, 1906. Appeal, No. 4, March T., 1906, by plaintiff, from order of C. P. Tioga Co., May T., 1905, No. 52, discharging rule to set aside appraisement in case of Morris Run Coal Mining Company v. John Chrzan. Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ. Affirmed.

Rule to set aside appraisement for debtor's exemption. Before ORMEROD, P. J.

From the record it appeared that on January 24, 1905, plaintiff served notice upon the defendant of a desire to terminate the lease, and demanded surrender of possession within ten days, in accordance with the terms of the lease. On February 13, 1905, plaintiff entered judgment under the ejectment

clause in the lease, and a fi. fa. was issued, and the sheriff levied upon the chattels of the defendant. The latter claimed the exemption, and an appraisement was made. The court, relying upon Lang v. Finch, 166 Pa. 255, discharged the rule to set aside the appraisement.

*Error assigned* was the order of the court.

*S. F. Channell*, with him *F. E. Watrous* and *H. F. Marsh*, for appellant.—The defendant had no right to exemption : National Oil Refining Co. v. Bush, 88 Pa. 335 ; Grove v. Barclay, 106 Pa. 155 ; Bradley v. Ry. Co., 160 Pa. 72 ; Neubert v. McCulloch, 27 Pitts. L. J. 177 ; Danner v. Fritz, 2 North. Co. 67 ; Smith v. Carter, 17 Phila. 344 ; Edwards v. Mahon, 5 Phila. 531 ; Morgan v. Noud, 5 Clark, 93 ; Lauck's App., 24 Pa. 426 ; Pierce v. Lewis, 9 Pa. C. C. Rep. 250 ; Emerson v. Smith, 51 Pa. 90 ; McCarthy's App., 68 Pa. 217 ; Eberhart's App., 39 Pa. 509 ; McKee v. Christman, 103 Pa. 431 ; Woods's Estate, 7 W. N. C. 84.

*James A. Gleason*, with him *D. W. Baldwin*, for appellee, cited : Lang v. Finch, 166 Pa. 255.

OPINION BY RICE, P. J., June 30, 1906 :

The lease from the plaintiff to the defendant for a term commencing on a certain date, " and ending whenever the party of the first part shall desire to terminate the same " provided, that at the expiration of ten days' notice to the lessee to quit and surrender the premises the lease should absolutely determine as to the rights of the lessee, and also contained an agreement on the part of the lessee to surrender the possession to the lessor within ten days after the service of said notice. The lease further provided that upon its termination any attorney of any court of record might immediately thereafter, as attorney for the lessee, sign an agreement for entering an amicable action and judgment in ejectment, without stay of execution, against the lessee, for the recovery by the lessor of the possession of the demised premises. The hab. fa., with clause of fi. fa. for costs under which the defendant's household goods were levied upon, was issued upon a judgment by confession

in an amicable action of ejectment, entered pursuant to and in accordance with the foregoing provisions. The question is whether the defendant was entitled to claim the benefit of the provisions of the Act of April 9, 1849, P. L. 533, exempting property to the value of $300 from levy and sale on execution issued upon any judgment obtained upon contract.

A judgment in ejectment for plaintiff, even though no damages are recovered, carries costs; and, in general, costs partake of the nature of the judgment of which they are an incident. "At common law it (the action of ejectment) is founded upon either an actual or supposed tort or trespass, committed by the defendant in expelling the plaintiff from his possession of the land, and being grounded upon a violation of the right of possession merely, has therefore ever been regarded as a possessory action:" Seitzinger v. Ridgway, 9 Watts, 496. If this is the view which must be taken of every action of ejectment, it would logically follow that no judgment against the defendant in such action is within the purview of the act of 1849. But in the very case from which the foregoing quotation is taken the court went on to show that, in Pennsylvania where equity is administered under common-law forms, there may be an action of ejectment, which cannot, with strict propriety, be regarded as founded upon the same basis as at common law, and that the ejectment under consideration had "for its basis the violation of a contract . . . . for the purchase of land," and was "brought to obtain possession in fulfillment of a personal obligation arising therefrom." Whether in such a case the defendant can claim the benefit of the exemption law is not before us to decide and we express no opinion upon the question. We refer to the case for the single purpose of showing that in Pennsylvania the action of ejectment is not invariably and for all purposes to be regarded as an action ex delicto, but for some purposes and under some circumstances may be regarded as founded on contract. The case relied on by the learned judge below, Lang v. Finch, 166 Pa. 255, is directly in point. There, as in this case, the amicable action and confession of judgment therein were entered pursuant to the provisions of the lease. In each case the tenant's right of possession under the lease was terminated, and the right of the landlord to the immediate possession restored; in the case before us, by the election of the landlord

to end the tenancy, and in the case cited, by the tenant's breach of the covenant against subletting and the landlord's election to re-enter. We deem it important to call particular attention to the last mentioned point of similarity in the two cases. In this case, as in that, the judgment contains no element of damages in the nature of mesne profits. Thus far the cases are parallel in their essential facts. But in the case cited it appeared that the lessee had removed from the premises and taken his goods with him, and this fact is thought to differentiate the case in a substantial particular from the one before us. If the lessee had abandoned the premises and left them vacant, this might give rise to a valid distinction; but to remove from the premises leaving a subtenant in possession is quite a different thing. This was not equivalent to vacating the premises, or surrendering possession to the landlord, as the lessee was bound to do at the termination of his right of possession under the lease, and did not affect the landlord's right to avail himself of the remedy provided for in the lease, nor relieve him from the necessity of so doing. We cannot see any substantial ground upon which to base a conclusion that the judgment in the case cited was grounded upon contract, and therefore the defendant was not liable to arrest upon ca. sa., and that the judgment in this case was, in a strict sense, founded upon tort, and therefore the defendant was not entitled to the benefit of the exemption law. We think the court below was right in following the case cited and holding that the defendant was entitled to claim the exemption.

Order affirmed and appeal dismissed at the costs of the appellant.