## Rhoads v. Rhoads

*Mark C. McQuillen*, for plaintiff.
*Philip F. Schmehl*, for defendant.

MAYS, P. J., March 29, 1949.—Judgment by default was entered for possession of the premises in question, whereupon a writ of inquiry was issued to determine the damages and costs sustained in the ejectment action.

Judgment was entered in the amount of $233.50. A writ of sci. fa. sur judgment was issued and a levy made, whereupon execution defendant claimed the benefit of the exemption statutes and directed the sheriff to make an appraisement.

The execution creditor notified the sheriff that she "hereby filed this exception to defendant's claim of exemption and request for appraisal for the reason that the execution was based upon an action of ejectment because of the unlawful detention of real property;" and then said: "You are hereby requested to stay the sale and appointment of appraiser until the above exceptions are disposed of."

A defendant in an execution cannot be deprived of an exemption by such summary action on the part of a creditor. If the appraisement is to be deferred by the sheriff, plaintiff should at least upon petition ask for a rule on defendant to show cause why claim of exemption should not be disallowed. See Gross v. Pinsky, 26 Dist. R. 141.

No hearing for the taking of testimony was held.

At the argument it was brought to the court's attention that defendant, Anna Rhoads, as a lessee of Sallie A. Rhoads, went into possession of the property in question.

"At common law it (the action of ejectment) is founded upon either an actual or supposed tort or trespass, committed by the defendant in expelling the plaintiff from his possession of the land, and being grounded upon a violation of the right of possession merely, has therefore ever been regarded as a possessory action:" Seitzinger v. Ridgway, 9 Watts 496.

Plaintiff, at the argument, made the contention that because it was an action of ejectment, it would follow that no judgment against defendant in such action is within the purview of the Act of April 9, 1849, P. L. 533. With this, we cannot agree. The Act of 1849, supra, is in relief of a judgment debtor only when the judgment is "obtained on contract". It deals with realities and not with fictions. The fact that the action was an ejectment in itself does not deny defendant the benefit of the act.

Rice, P. J., in Morris Run Coal Co. v. Chrzan, 31 Pa. Superior Ct. 184, 186, said:

"If this is the view which must be taken of every action of ejectment, it would logically follow that no judgment against the defendant in such action is within the purview of the Act of 1849. But in the very case from which the foregoing quotation is taken the court went on to show that, in Pennsylvania where equity is administered under common-law forms, there may be an action of ejectment, which cannot, with strict propriety, be regarded as founded upon the same basis as at common law, and that the ejectment under consideration had 'for its basis the violation of a contract . . . for the purchase of land', and was 'brought to obtain possession in fulfillment of a personal obligation arising therefrom.' Whether in such a case the defendant can claim the benefit of the exemption law is not before us to decide and we express no opinion upon the question. We refer to the case for the single purpose of showing that in Pennsylvania the action of ejectment is not invariably and for all purposes to be regarded as an action ex delicto, but for some purposes and under some circumstances may be regarded as founded on contract."

Whether defendant can claim the benefit of the Exemption Law is not now properly before us and we, too, express no opinion upon the question. If and when the

case be properly brought before us, either by petition and answer, or upon a case stated, or by exceptions to the claim for exemption and appraisement if one is made by the sheriff, then and then only could we pronounce a judgment which would definitely determine the question, namely, "Is defendant entitled to the benefit of debtor's exemption under the Act of April 9, 1849, P. L. 533?"